**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANNY RAY SELLERS,

      Petitioner-Appellant,

v.

LENORA JORDAN,

      Respondent-Appellee.

No. 99-6027
(W. District of Oklahoma)
(D.C. No. 98-CV-1367-T)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court therefore orders the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Danny Ray Sellers, proceeding *pro se*, seeks a certificate of appealability so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that an appeal may not be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a certificate of appealability). Because Sellers failed to file his petition for writ of habeas corpus in a timely manner, this court **DENIES** Sellers a certificate of appealability and **DISMISSES** this appeal. *See id.* § 2244(d) (imposing a one-year limitation period on an application for a writ of habeas corpus).

On August 13, 1996, Sellers appeared before the District Court of Alfalfa County, Oklahoma and, pursuant to a plea agreement, entered a plea of *nolo contendre* to a charge of first degree rape. On the same day, Sellers was sentenced to 20 years imprisonment, 11 of which were suspended. Sellers never made a motion to withdraw his plea and never challenged his conviction or sentence on direct appeal. On May 23, 1997, Sellers filed an Application for Post-Conviction Relief with the state district court (the "first application"). In his first application, Sellers raised two grounds for relief: (1) that his counsel was constitutionally ineffective and (2) that he was denied due process of law because there was no factual basis before the district court to support his plea. The state district court denied relief on May 23, 1997. Sellers failed to appeal the denial of

post-conviction relief until July 8, 1997 when he filed a Petition in Error with the Oklahoma Court of Criminal Appeals (the "OCCA"). Because Sellers' Petition in Error was filed more than thirty days after the entry of the order denying his first application, the OCCA dismissed Sellers' appeal as untimely. Sellers then filed a Petition for An Appeal Out of Time with the OCCA. The OCCA denied this petition because Sellers had failed to first seek relief from the denial of his Petition in Error from the state district court. Sellers then filed a second Application for Post-Conviction Relief (the "second application") with the state district court. In his second application, Sellers raised five grounds for relief, all of which involved either an ineffective assistance of counsel claim or a denial of due process claim. The district court denied Sellers' second application on June 4, 1998. Sellers appealed that decision to the OCCA. The OCCA ultimately affirmed the denial of Sellers' second application.

Sellers filed the instant § 2254 Petition for Writ of Habeas Corpus (the "habeas petition") with the United States District Court for the Western District of Oklahoma on September 30, 1998. In his habeas petition, Sellers reasserts the five ineffective assistance and due process claims he originally raised in the second application. Sellers' habeas petition was referred to a magistrate judge for initial proceedings. The magistrate judge issued a Report and Recommendation in which he recommended that the habeas petition be dismissed

because it had not been filed within one year of Sellers' conviction and sentencing and, therefore, was untimely. The magistrate judge considered several factors raised by Sellers in support of the tolling of the one-year limitations period including Sellers' claims that: (1) the limitations period was tolled during the time the first and second applications were pending in state court, (2) unconstitutional state action impeded the filing of the habeas petition, and (3) after-discovered evidence established that he is actually innocent. The magistrate judge, however, concluded that Sellers had failed to establish a basis for tolling the limitations period and recommended that Sellers' habeas petition be dismissed as untimely.

Sellers filed an objection to the magistrate judge's Report and Recommendation. In that objection, Sellers argued that the magistrate judge had failed to adequately consider the factors that would support the equitable tolling of the one-year limitations period. The federal district court, over Sellers' objections, adopted the Report and Recommendation and ordered Sellers' habeas petition dismissed as untimely. The district court specifically found that Sellers had failed to file his habeas petition within the one-year limitations period and had failed to demonstrate any basis on which the limitations period could be tolled. Sellers filed an Application for Certificate of Appealability to appeal the

federal district court's denial of his habeas petition. That request was denied and Sellers appealed that denial to this court.

Sellers is not entitled to receive a certificate of appealability unless he can make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Sellers can make such a showing by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). Upon *de novo* review of Sellers' Application for Certificate of Appealability, the magistrate judge's Report and Recommendation, the district court's Order, and the entire record on appeal, this court concludes the district court's resolution of Sellers' claims is not reasonably debatable, subject to a different resolution on appeal, or deserving of further proceedings. *See id*. Consequently, Sellers has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). Accordingly, Sellers' application for a certificate of appealability is **DENIED** for substantially those reasons set out in the magistrate judge's Report and Recommendation dated December 4, 1998, and the district court Order dated December 29, 1998, and the appeal is therefore **DISMISSED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge